HAROLD L. LOWENSTEIN, Judge.
Background
The State of Missouri appeals the entry of judgment in favor of incarcerated defendant Ronald Jordan by the Circuit Court of Cole County. The State brought a Missouri Incarceration Reimbursement Act (MIRA) suit against Jordan in October 2005. A show cause order was issued and Jordan responded in December of that year. He argued that, under section 217.831.3, RSMo, the attorney general lacked “good cause” to bring the suit and was thus precluded from doing so. Most of the operative facts were stipulated by the parties and trial briefs were filed in October 2006.[1] The circuit court agreed with Jordan and granted judgment in his favor.
Jordan was convicted of first-degree murder, first-degree assault, criminal possession of a weapon, and armed criminal action. He is currently a prisoner of the Missouri Department of Corrections and has been since 1988. The parties stipulated that, from 1988 to 2006, the State spent $287,329.05 to incarcerate Jordan and that it would cost $32,048 to continue his incarceration for a two-year period. They also stipulated to Jordan’s prison account activity. Account records show that, between July 2001 and July 2006, Jordan received $6,064.15 in deposits. The largest of the regular deposits were from Muriel Watkins, his grandmother, and were made in fifty and one hundred dollar increments. The other deposits came from his prison employment or from one of a short list of other individuals. Jordan’s account balance was never greater than $220 until a $1,550 check from Watkins drew the attention of the attorney general’s office and increased his balance to $1,599.51.
Looking to the good cause requirement of section 217.831.3, the trial court decided that the attorney general did not have good cause to believe that Jordan had sufficient assets from which the State could recover ten percent of the estimated total cost of Jordan’s incarceration or the estimated cost of care for Jordan for two years. It also determined that Jordan did not have a stream of income sufficient to produce the ten percent figure within a five-year period. For these reasons, the court granted judgment for Jordan.
The State raises two points of error. First, it argues that the judgment is erroneous because MIRA does not provide a defense based on the good cause requirement of section 217.831.3, and, if review of the attorney general’s administrative decision to pursue MIRA reimbursement is available, it must be sought through a counterclaim based on section 536.150 (the mechanism providing review of decisions of an administrative body that are not subject to administrative review). Second, the State argues that MIRA guarantees a judgment for the State if an offender has assets that are subject to MIRA and that the State proved such assets were in exis *531 tence, thus rendering the court’s judgment erroneous.
STANDARD OF REVIEW
In reviewing a court-tried case, this court affirms the circuit court’s judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Am. Standard Ins. Co. of Wise. v. Bracht, 103 S.W.3d 281, 286 (Mo. App.2003). When a case is tried on stipulated facts, the only issue for appellate review is whether the trial court drew the proper legal conclusions from those facts. Goza v. Hartford Underwriters Ins. Co., 972 S.W.2d 371, 373 (Mo.App.1998). ‘When the record is stipulated but not all ultimate facts or factual inferences have been conceded, this [c]ourt reviews the stipulated facts in the light most favorable to the respondent and disregards inferences favorable to the appellant.” Graue v. Mo. Prop. Ins. Placement Facility, 847 S.W.2d 779, 782 (Mo. banc 1993).
Discussion

Point I

The Missouri Incarceration Reimbursement Act (MIRA) allows the State to seek reimbursement from offenders for the cost of their incarceration. See §§ 217.825.841, RSMo 2000. To pursue reimbursement, the attorney general is authorized by MIRA to file a complaint in circuit court stating that a person is or has been an offender in a state correctional center, stating that there is good cause to believe that the person has assets, and praying that such assets be applied to the cost of caring for the person as an offender. § 217.835.1. When the attorney general files a MIRA complaint, the court is instructed to issue an order to show cause, which is to be served with the complaint on the offender. § 217.835.2. After a hearing on the complaint and order to show cause, the court shall order reimbursement if “it appears that the person has any assets which ought to be subjected to the claim of the [s]tate.” § 217.835.3. Although this procedure is clearly streamlined to allow for the efficient recovery of reimbursement funds, there is an important condition on the State’s ability to bring a MIRA action. The attorney general is only authorized to seek reimbursement where
the attorney general ... has good cause to believe that an offender or former offender has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period.
§ 217.831.3.
In the case at bar, the trial court held a hearing (that it referred to in its judgment as a “non-jury trial”) in which the parties stipulated to the facts and briefed and argued the issues. Upon reviewing the evidence submitted through this hearing, the court determined that the evidence did not support a finding of good cause to believe that the offender possessed sufficient assets or a stream of income over five years sufficient to reach the required ten percent threshold. On this ground, the court ruled against the State.
The State contends that there is no requirement in MIRA that the state prove facts supporting good cause to bring a reimbursement action under that Act and that the “good cause” provision does not constitute a defense to a MIRA action. According to the State’s argument, the only conceivable avenue by which Jordan could have contested the attorney general’s determination of good cause is a chai- *532 lenge under the Missouri Administrative Procedures Act, specifically section 5S6.150.[2] Since Jordan filed no counterclaim seeking such review, the State suggests that the issue of good cause was not properly before the court.
 On May 20, 2008, the Supreme Court of Missouri addressed and rejected essentially the same arguments as those made here by the State. See State ex rel. Nixon v. Peterson, 253 S.W.3d 77 (Mo. banc 2008). In Peterson, the State argued that the trial court correctly granted summary judgment it its favor, over the offender’s argument that the attorney general lacked good cause to bring the action, because the state is not required to prove good cause to obtain reimbursement and the trial court lacks authority to review the attorney general’s good cause determination. Id. at 83-84. The Supreme Court explained that the good cause requirement is a condition precedent to filing a MIRA petition. Id. Where the condition is not met, the attorney general lacks authority to seek reimbursement under the act. Id. Contrary to the State’s arguments in the case at bar, the Peterson Court stated that “offenders can challenge the attorney general’s finding of good cause and the trial court may review the sufficiency of the evidence to determine whether this requirement is satisfied.” Id. By raising a factual issue as to the existence of sufficient assets, an offender becomes entitled to an evidentiary hearing on the good cause determination. Id.
The review undertaken by the trial court in the instant case is consistent with the Supreme Court’s instructions in Peterson. Jordan, the offender here, contested the attorney general’s determination of good cause. A hearing was held in which evidence and legal arguments were heard by the trial court. The court decided that the attorney general’s determination was not supported by good cause. As the circuit court did not err in so reviewing the good cause determination, the State’s first point is denied.

Point II

The State’s second point basically asserts that the attorney general proved the necessary elements for MIRA recovery and the State was thus entitled to judgment in its favor, making the judgment for Jordan erroneous. Since this court has decided under its analysis of the first point that the trial court correctly found the attorney general had no authority to pursue the MIRA action against Jordan in the first place, this point is moot.
Conclusion
The judgment of the circuit court is affirmed.
All Concur.

. The reason for this year-long delay is that the trial court originally entered summary judgment for the State, on March 27, 2006. However, due to a mistake, the State initially served its summary judgment motion at the wrong address and Jordan was served just twenty days before summary judgment was entered. Since Rule 74.04 provides thirty days for a response to a summary judgment motion, the parties filed a joint motion for remand, which this court granted. It was not until October 2006 then, that the parties stipulated to the facts and filed trial briefs with the circuit court.

. The State further argues that the availability of review under section 536.150 is questionable and suggests that the AG’s good cause determination is not reviewable. The State made the same arguments in State ex rel. Nixon v. Peterson, which were rejected by the Supreme Court.